Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000041
13-MAY-2011
09:09 AM

NO. CAAP-11-0000041

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FIRST HAWAIIAN BANK, Plaintiff-Appellee,
v.
ANTONIO RIVERA, JR., PHIDELIA RIVERA, et al.,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 10-01-264K)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of Defendants/Counterclaim-Plaintiffs/
Appellants Antonio Rivera, Jr., and Phidelia Rivera's (the Rivera
Appellants) appeal from the Honorable Ronald Ibarra's February 9,
2011 judgment, it appears that we lack jurisdiction over this
appeal because the February 9, 2011 judgment does not satisfy the
requirements for an appealable final judgment under Rule 58 of
the Hawai'i Rules of Civil Procedure (HRCP) and the holding in

Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id.

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4.

When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

Although this case involves multiple claims in Plaintiff/Counterclaim-Defendant/Appellee First Hawaiian Bank's complaint and the Rivera Appellants' amended counterclaim (with four separate counts), the February 9, 2011 judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment. The February 9, 2011 judgment also does not expressly dismiss any unidentified claims. Although the February 9, 2011 judgment refers to a summary judgment order, it is not possible to discern whether the summary judgment order resolves one claim, two claims, or all of the parties' claims unless one would search through the voluminous record on appeal and read the summary judgment order. By merely entering judgment with a vague reference to a summary judgment order (instead of specifically identifying the claims on which the circuit court intends to enter judgment), the February 9, 2011 judgment fails to sufficiently identify the claim or claims on which the February 9, 2011 judgment enters judgment in this multiple-claim case. The February 9, 2011 judgment is too vague to satisfy requirements for an appealable judgment in a multiple-claim case under HRCP Rule 58 and the holding in Jenkins. Absent the entry of an appealable final judgment, this appeal is premature.

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i,  Nay 13, 2011.

Presiding Judge

Associate Judge

Associate Judge